UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARTA C. BELMONTE,            :
                              :
            Plaintiff,        :
                              :
      v.                      :      Civil Action No. 05-1207 (JR)
                              :
COMMISSIONER OF SOCIAL        :
SECURITY,                     :
                              :
            Defendant.        :

MEMORANDUM

Plaintiff seeks judicial review and reversal of the final decision of the Social Security Commissioner denying social security benefits allegedly earned by her deceased husband, Angel C. Belmonte.  Defendant cross moves for a judgment of affirmance.

Reversal of an adverse SSA decision is warranted only if the decision is unsupported by substantial evidence or tainted by errors of law.  42 U.S.C. § 405(g); *Brown v. Bowen*, 794 F.2d 703, 705 (D.C. Cir. 1986).  Mr. Belmonte had earned 26 of 29 quarters needed for benefits.  Plaintiff's submission is that Mr. Belmonte earned the additional three quarters while serving aboard the USNS CRAIN from October 17, 1966, to July 16, 1967.  The Commissioner found that this service did not qualify.  Mr. Belmonte was hired at Poro Point, Philippines, to serve on the USNS CRAIN and returned there after his service.  Under these circumstances, plaintiff would be entitled to widow's benefits only if "while the employee [was] employed on the vessel. . . . [the vessel] touche[d] at a port in the United States. . . ." 42 U.S.C. § 410(a)(ii).

The Appeals Council remanded plaintiff's case to the Administrative Law Judge ("ALJ") to consider "additional evidence regarding whether the wage earner's earnings for 1967 are

covered under section 210(a) of the Social Security Act [42 U.S.C. § 410(a)]." Administrative Record ("AR") at 107. Plaintiff presented a personnel notice showing that the employing office was based in Brooklyn, New York. The ALJ found that plaintiff's evidence failed to show where the USNS CRAIN had sailed during Mr. Belmonte's employment and particularly that it had touched a port in the United States. "All that can be determined from the record is that the vessel likely set sail from Poro Point, Philippines on or about October 17, 1966." AR at 19. Plaintiff had the burden of producing "convincing evidence" that would qualify Mr. Belmonte's service, 20 C.F.R. § 404.708, and she failed to carry that burden. The decision denying benefits is substantially supported, and the motion for summary affirmance is granted. A separate order accompanies this memorandum.

                                      JAMES ROBERTSON
                              United States District Judge